IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND,<br><br>                Plaintiffs,<br><br>      *v.*<br><br>PAUL S. YONEY, INC. a/k/a YONEY INCORPORATED, et al.,<br><br>                Defendants. | Civil Action No. 1:96-cv-02427 |

**DEFENDANTS' RESPONSE TO MOTION FOR AN ORDER TO SHOW CAUSE**

Now come the Defendants, Paul S. Yoney, Inc. a/k/a Yoney Incorporated, et al., by their attorneys, and in response to Plaintiff's motion for an order to show cause, state as follows:

Plaintiffs seek an order to show cause why the Defendants should not be held in contempt of a default judgment and injunction issued in this case by Judge Smalkin over six years ago, on or about February 28, 1997. That injunction directed the Defendants (1) to provide Plaintiffs with all required remittance reports and pension contributions no later than the 20th day of the month following the end of the month for which contributions are reported; (2) to submit a bond or other form of security in the amount of $30,000 for any future delinquency; and (3) not to sell transfer, or dispose of any assets or property exceeding $5,000 until said bond or other acceptable security was completed. See Injunctive Order dated February 28, 1997 ("1997 Injunction"). Now, six years later, Plaintiffs seek to have this Court find the Defendants in contempt of this Order based on its purported failure to provide remittance reports and contributions for the months of October through December 2002. As

DC:222028.1

discussed in detail below, there is no basis for finding Defendants in contempt. In particular, (1) the remittance reports and contributions at issue have already been provided to Plaintiffs; (2) all remittance reports and contributions allegedly due for months since December 2002 have also been provided to Plaintiffs; and (3) the Plaintiffs are barred by laches from seeking to hold Defendants in contempt or otherwise enforcing the 1997 Injunction.

I. **THE REMITTANCE REPORTS AND CONTRIBUTIONS AT ISSUE HAVE ALREADY BEEN PROVIDED TO PLAINTIFFS**

Plaintiffs base their motion and their request that this Court find Defendants in contempt of the 1997 Injunction on an assertion in their February 5, 2003 Memorandum of Point and Authorities ("Plaintiffs' Memorandum") that Defendants had not provided remittance reports and pension contributions for the months of October through December 2002. However, this assertion was partially untrue when made, and has been entirely incorrect since March 4, 2003.

Most significantly, the Plaintiffs' basis for asserting that Defendants had not submitted the October 2002 contributions was unfounded. In support of their assertion, Plaintiffs submitted the Affidavit of William T. Sweeney, Jr., dated February 4, 2003. (Plaintiffs' Memorandum, Exhibit, Appendix B.) In that Affidavit, Mr. Sweeney swore that "Defendants have failed to make contributions for the months of October and November 2002 … and to submit reports and contributions for the month of December 2002." (Id. at ¶ 6.) However, Plaintiffs' own records show that as of that date the report and contributions for October 2002 had already been made. Thus, by letter dated April 11, 2003 from Plaintiffs' counsel, John R. Harney, to Defendants' corporate counsel, Stuart Ratner (copy attached as Exhibit A), Mr. Harney transmitted a chart showing Defendants' contributions history for the months of

2

February 1997 through February 2003, i.e. since the 1997 Injunction issued. This chart clearly shows that the October 2002 contributions were paid on January 24, 2003 – <u>eleven days before Mr. Sweeney swore that they had not yet been paid,</u> and twelve days before the motion to show cause was filed. Thus, this part of the Plaintiffs' asserted grounds for seeking contempt was not even true at the time that they filed their motion.

Furthermore, the same chart shows that the November and December 2002 contributions were subsequently paid, on February 24 and March 3, 2003, respectively. Thus, the contributions for all of the months at issue were paid by March 3, 2003. Accordingly, the entire basis for Plaintiffs seeking a finding of contempt – the purported non-payment of the October through December 2003 contributions – was (a) partially incorrect, in that October in fact had been paid twelve days before the motion was filed, and (b) is now moot, in that the contributions have been paid. It would be inappropriate to make a finding of contempt, and certainly to impose any sanctions, based on an assertion that Defendants failed to do something that they had already done and/or have now done.

II. **ALL REMITTANCE REPORTS AND CONTRIBUTIONS ALLEGEDLY DUE FOR MONTHS SINCE DECEMBER 2002 HAVE ALSO BEEN PROVIDED TO PLAINTIFFS**

Plaintiffs cannot base their request for a finding of contempt on contributions due for months after December 2003, because Defendants also have paid all subsequently due contributions. The chart referenced above shows that the January 2003 contributions were paid on March 31, 2003. In addition, the February 2003 contributions were transmitted on April 11, 2003 and the March 2003 contributions were transmitted on April 18, 2003. (<u>See</u> Declaration of Stuart Ratner (attached as Exhibit B), ¶¶ 3-4 and Ex. 1 thereto.) The April

contributions are not yet due. (Id., ¶ 5.) As Defendants presently are current in their contributions, there is no basis for finding them in contempt.

### III. PLAINTIFFS ARE BARRED BY LACHES FROM SEEKING TO HOLD DEFENDANTS IN CONTEMPT OR OTHERWISE ENFORCING THE 1997 INJUNCTION

Defendants anticipate that Plaintiffs will contend that despite the payments noted above, Defendants should still be held in contempt because the October through December 2002 reports and contributions were not submitted by the 20th day of the month following the month for which they are due. However, any such contention is barred by laches. As the Fourth Circuit's stated in White v. Daniel, 909 F.2d 99 (4th Cir. 1990), a defendant proves laches when it shows:

> "(1) lack of diligence by the party against whom the defense is asserted, and (1) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). Needless to say, whether laches bars an action depends upon the particular circumstances of the case. National Wildlife Federation v. Burford, 835 F.2d 305, 318 (D.C. Cir. 1987). …
>
> The first element of laches – lack of diligence  - exists where "the plaintiff delayed inexcusably or unreasonably in filing suit." National Wildlife Federation, 835 F.2d at 318. See also Giddens v. Isbrandtsen Co., 355 F.2d 125, 128 (4th Cir. 1966) (where "inexcusable or inadequately excused delay"); Baylor University Medical Center v. Heckler, 758 F.2d 1052, 1057 (5th Cir. 1985) (where "delay is not excusable"). … The defendant may show lack of diligence either by proof that the action was not commenced within the period provided by the applicable statute of limitations or by facts otherwise indicating a lack of vigilance. Giddens, 355 F.2d at 128.
>
> The second element – prejudice to the defendant – is demonstrated by a disadvantage on the part of the defendant in asserting or establishing a claimed right or some other harm caused by detrimental reliance on the plaintiff's conduct. Gull Airborne Instruments, Inc., v. Weinberger, 694 F.2d 838, 844 (D.C. Cir. 1982). However, the defendant "is aided by the inference of prejudice warranted by the plaintiff's delay. The plaintiff is then to be heard to excuse his apparent laggardness and to prove facts manifesting an absence of actual prejudice." Giddens, 355 F.2d at 128. Clearly, the greater the delay, the less the prejudice required to show laches, and vice versa.

Id., 909 F.2d at 102. See Knickman v. Prince George's County, 187 F. Supp. 2d 559, 565 (D. Md. 2002) (Chasanow, J.) (citing White v. Daniel). Both prongs of this defense are clearly present in this case.

First, Plaintiffs' own document – its chart of Defendants' payment history since February 1997 – amply demonstrates Plaintiffs' lack of diligence. Assuming that the chart is correct, Defendants had never made a single timely payment until its recent timely payment of its March 2003 contributions. Although some payments were only a few days late, many payments were considerably later. Indeed, the chart shows that 30 of the 67 payments due for the period February 1997 through September 2002 were 40 or more days late. Of these, 18 were over 50 days late, and 10 were over 60 days late. All but two of the over 50 category occurred for the months prior to August 2000 – over two years before the October-December 2002 contributions at issue in the present case. Furthermore, four of these occurred in the first year after the injunction issued. Nonetheless, Plaintiffs waited until February 2003 – six years later – to bring any complaint to this Court that Defendants were not complying with the 1997 Injunction. Plaintiffs cannot avoid their inexcusable and unreasonable delay in asserting a failure to comply with the 1997 Injunction by only complaining of the allegedly unpaid – but now paid – payments for October through December 2003. To the contrary, it is obvious that despite the injunction that it obtained in February 1997, until February 2003 Plaintiffs were never particularly concerned about late payments.[1]

---

[1] Defendants did on occasion receive letters from Mr. Harney complaining that payments were late, but after making the payments would hear nothing further about the matter. In particular, Plaintiffs never sought to collect any interest or liquidated damages. Thus, it appeared that Plaintiffs' only concern was that the payments be made.

5

Second, Plaintiffs' delay unquestionably has prejudiced the Defendants. Aside from the inference of prejudice warranted by Plaintiffs' six-year delay, Defendants are also prejudiced by having been lulled into believing that Plaintiffs were not concerned by the fact that they made late payments. Significantly, Plaintiffs' belated raising of this issue comes only after the purported accrual of over $30,000 in liquidated damages and nearly $4,000 in interest penalties. (See Exhibit A.) Despite never having sought to collect these liquidated damages and interest before, Plaintiffs apparently now seek to recover these amounts. (Id.) If Plaintiffs' had raised the issue of noncompliance with the injunction in a timely fashion, these amounts would be far smaller, and Defendants – a small, local Connecticut company that normally has only approximately 8-12 employees (see Exhibit B, ¶ 6) – would not now be faced with the demand to make such a large payment.

Thus, given Plaintiff's inexcusable and unreasonable lack of diligence in seeking a show cause order, and the prejudice this delay has caused Defendants, it is evident that Plaintiffs are guilty of laches, and Defendants should not be held in contempt. See, e.g., Playboy Enterprises v. Chuckleberry Pub., 939 F. Supp. 1032, 1040-41 (S.D.N.Y. 1996) (denying on laches grounds recovery of sum ordered to be paid in injunction issued fifteen years earlier). At the most, Plaintiffs are entitled only to an order directing Defendants to make timely payments in the future, and to provide appropriate assurances that such payments will be made on a timely basis in the future. Plaintiffs have long ago waived any right to seek the interest and liquidated damages purportedly due as a result of prior late payments, let alone the right to seek to hold Defendants in contempt for these late payments. Consequently, the 1997 Injunction also should be dissolved.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs have failed to show a basis for finding the Defendants in contempt, and furthermore are barred by laches from seeking to hold Defendants in contempt or otherwise enforcing the 1997 Injunction. Accordingly, Defendants respectfully request (1) that Plaintiffs' Motion for an Order to Show Cause be denied; (2) that Defendants be found not to be in contempt; (3) that Plaintiffs be barred from any attempt to seek the interest and liquidated damages purportedly due as a result of allegedly late payments for the months of February 1997 through February 2003; and (4) that the 1997 Injunction be dissolved. An appropriate Order is attached.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

/s/
_____
Brian Steinbach
Bar No. 24849
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1870

DATED: May 8, 2003

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Defendants' Response to Motion for Order to Show Cause was served this 8th day of May, 2003, by electronic service, on the following:

> John R. Harney
> O'Donoghue & O'Donoghue
> 4748 Wisconsin Avenue, N.W.
> Washington, D.C. 20016
>
> Attorneys for Plaintiffs

_____/s/_____
Brian Steinbach

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| **TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND,**<br>       **Plaintiffs,**<br><br>   *v.*<br><br>**PAUL S. YONEY, INC. a/k/a YONEY INCORPORATED, et al.,**<br>       **Defendants.** | **Civil Action No. S96-2427** |

## ORDER

AND NOW, this ____ day of May, 2003, upon consideration of Plaintiffs' Motion for an Order to Show Cause Why Paul S. Yoney, Inc. and Gerald J. Yoney Should Not be Held in Contempt of Court; Defendants' Response to Motion for an Order to Show Cause; and the entire record herein, it is

ORDERED, that the Motion to Show Cause is Denied; and it is further

ORDERED, that Defendants are found not to be in contempt of the permanent injunction issued by the Court on February 28, 1997; and it is further

ORDERED, that Plaintiffs are barred from seeking to collect interest and liquidated damages on allegedly untimely payments for the months of February 1997 through February 2003; and it is further

ORDERED, that the injunction issued by the Court on February 28, 1997 is hereby dissolved.

Dated: _____, 2003        _____
                                                                              United States District Judge

Copies to:

| | |
|---|---|
| John R. Harney | Brian W. Steinbach, Esq. |
| Bar No. 06572 | Bar No. 024849 |
| O'Donoghue & O'Donoghue | Epstein Becker & Green, P.C. |
| 4748 Wisconsin Avenue, N.W. | 1227 25th Street, N.W., Suite 700 |
| Washington, D.C. 20016 | Washington, D.C. 20037 |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendants |