UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION FUND

        **Plaintiffs**

v.                                                                      Civil Action No. S96-2427

YONEY, INC. a/k/a PAUL S. YONEY, INC

and

GERALD J. YONEY,

        **Defendants.**

## JUDGMENT OF CONTEMPT

This cause came to be heard upon the Motion of the Plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund for a judgment of contempt against Yoney, Inc. and Gerald J Yoney. The Court, upon consideration of the motion, all other papers, and evidence submitted by the parties, makes the following findings of fact

        The Court entered an Injunctive Order on February 28, 1997 instructing the Defendant to remit reports and contributions to the Plaintiffs no later than the 20th day after the end of the month contributions are reported. The Order was mailed to the Defendant by the Clerk of the Court and a copy was served by the Plaintiffs on the Registered Agent of the Defendant, Gerald J. Yoney, by first class U.S. mail

and registered U.S. mail, return receipt requested, on March 4, 1997, and received by the Defendant on March 7, 1997.

2. On February 6, 2003, the Plaintiffs filed a Motion for an Order to Show Cause Why Defendant Paul S. Yoney, Inc. and Gerald J. Yoney should not be held in contempt. By Order of February 10, 2003, the Court ordered the Defendants Paul S. Yoney, Inc. and Gerald J. Yoney to appear on April 16, 2003 at 10:00 a.m. to show cause why they should not be held in contempt, provided copies of the Order and underlying motion were served on the Defendants by March 12, 2003. The Defendants were served by Connecticut State Marshal for Fairfield County on March 7, 2003.

3. On April 15, 2003, the counsel for Defendants filed their Motion to Continue and Reschedule Hearing on Motion to Show Cause. The Court granted the Motion and continued the hearing to May 9, 2003 at 10:30 a.m.

4. On February 6, 2003, the records of the Plaintiff National Pension Fund indicated that the Defendants had failed to remit contributions for the months of October and November 2002 and reports and contributions for the month of December 2002.

5. On January 24, 2003, the Defendants paid their contributions for October 2002 sixty-five days late.

6. On February 24, 2003, the Defendants paid their contributions for November 2002 sixty-six days late.

7. On March 10, 2003, the Defendants paid their contributions for December 2002 forty-nine days late.

8. On March 31, 2003, the Defendants paid their contributions for January 2003 thirty-nine days late.

9. On April 14, 2003, the Defendants remitted reports and contributions due for the month of February 2003 to the counsel for the Plaintiffs twenty-seven days late.

10. On May 2, 2003, the Defendant remitted reports and contributions due for the month of March 2003 twelve days late.

11. Since the entry of the Injunctive Order, the Defendant has never complied with the requirement that remittance reports and contributions be delivered to the Plaintiff National Pension Fund by the 20th of the month following the end of the month contributions are reported.

12. Pursuant to the Restated Agreement and Declaration of Trust governing the Plaintiff National Pension Fund, the Defendant is liable for liquidated damages of ten percent of the amount due if payment is not received by the 20th of the month following the end of the month contributions are reported and interest in the amount of twelve percent per annum on the amount of delinquent contributions from the date of delinquency until the date of payment.

Therefore, it is this ____ day of _____, 2003, by the United States District Court for the District of Maryland,

**ORDERED, ADJUDGED AND DECREED:**

1. That Defendant Yoney, Inc. and Gerald J. Yoney are in contempt of this Court for having failed to obey the Injunctive Order of this Court entered on February 28, 1997;

3

2. That the Defendants, Yoney, Inc. and Gerald J. Yoney, purge themselves of their contempt of the Court by taking the following actions:

   a. That Yoney, Inc. and Gerald J. Yoney shall deliver all future contributions due and owing to the Plaintiff Plumbers and Pipefitters National Pension Fund to the offices of Counsel for the Plaintiffs, John R. Harney, Esq. O'Donoghue & O'Donoghue, 4748 Wisconsin Avenue, N.W., Washington, D.C. 20016, no later than the close of business of the 20th day after the end of the month for which contributions are reported;

   b. That the Plaintiffs are awarded $38,791.22 which includes $31,394.64 in liquidated damages, $3,891.78 in interest, and $3,504.80 in attorneys' fees and costs to be paid by the Defendants, jointly and severally, within 10 months of the date of this Judgment in monthly installments of $3,879.13 to be delivered to the offices of Counsel for the Plaintiffs, John R. Harney, Esq., O'Donoghue & O'Donoghue, 4748 Wisconsin Avenue, N.W., Washington, D.C. 20016, no later than the close of business of the first day of each month commencing June 1, 2003

   c. That the Defendants shall furnish a bond for the benefit of the Plumbers and Pipefitters National Pension Fund in the amount of $38,791.22 as security to be delivered to the offices of Counsel for the Plaintiffs, John R. Harney, Esq. O'Donoghue & O'Donoghue, 4748 Wisconsin Avenue, N.W., Washington, D.C. 20016, within in 10 days of the entry of this Judgment of Contempt.

   d. That the Defendants shall file with this Court a sworn statement setting forth in detail the steps taken to comply of this Judgment of Contempt with a copy

4

to Counsel for the Plaintiffs within 10 days after Entry of this Judgment of Contempt.

_____
United States District Judge

cc: John R. Harney, Esq.
O'DONOGHUE & O'DONOGHUE
4748 Wisconsin Avenue, N.W.
Washington, DC 20016

Brian Steinbach, Esq.
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037

103428_3.DOC