IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND,** <br><br> **Plaintiffs,** <br><br> *v.* <br><br> **PAUL S. YONEY, INC. a/k/a YONEY INCORPORATED, et al.,** <br><br> **Defendants.** | Civil Action No. 1:96-cv-02427 |

## OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT OF CONTEMPT

Now come the Defendants, Paul S. Yoney, Inc. a/k/a Yoney Incorporated, et al., by their attorneys, and in partial opposition to Plaintiffs' proposed Judgment of Contempt, submitted on Friday, May 9, 2003, state as follows:

At the May 9, 2003 hearing in this matter, the Court found Defendants in contempt of the 1997 Injunction, awarded Plaintiffs liquidated damages, interest, attorneys' fees and costs and directed Defendants to post a bond in the sum of $37,000.00 to secure future payments. See docket entry of May 9, 2003. Although not specifically referenced in the docket entry, the Court found that the total amount due was $37,065.58,[1] based on the $35,286.42 in liquidated damages and interest shown on Plaintiffs' Exhibit 1 and $1,779.80 in attorneys' fees and costs shown on Plaintiffs' Exhibit 2, and granted ten months to make this payment. The Court also directed Plaintiffs to submit a proposed Order consistent with its decision.

---

[1] Following the hearing, counsel for both parties confirmed that the Court stated this amount with both the courtroom clerk and the court reporter.

DC:222299.1

As discussed below, the proposed Judgment of Contempt submitted by Plaintiffs differs from the Court's decision in significant respects that would increase liability, attempts to impose liability upon individual defendant Gerald J. Yoney despite Plaintiffs' previous agreement that he would not be subject to the injunction, and contains findings of fact on disputed matters upon which the Court made no finding.

I.   INCONSISTENCIES WITH THE COURT'S DECISION THAT INCREASE LIABILITY

In paragraph 2(b) of the Order section of the proposed Judgment, Plaintiffs state that they are awarded $38,791,32, rather than the $37,065.58 actually awarded by the Court. The difference is attributable to Plaintiffs now claiming $3,504.80 in attorneys' fees and costs, rather than the $1,779.80 that the Court actually awarded. As a result, this paragraph also overstates the amount of the monthly installments as $3,879.13, rather than $3,706.55.

Defendants are aware that following the hearing on May 9, Plaintiffs also filed a "Supplemental Declaration of Attorneys' Fees," in which their counsel states that following the filing of Defendants' Response to the Motion to Show Cause (shortly after 11:00 a.m. .on May 8, the day before the hearing), his firm somehow expended seven hours of attorney time and 5 hours of paralegal time (despite already expending two hours of attorney time earlier on May 8, according to Plaintiffs' Exhibit 2). This Declaration, unlike Plaintiffs' Exhibit 2, is unaccompanied by any supporting documentation of how the time was expended. Moreover, Plaintiffs failed to request, and this Court did not grant, leave to submit a supplemental claim for fees.[2] Accordingly, Defendants submit that this filing should be disregarded, and that the

---

[2] Indeed, when counsel for Plaintiffs presented Exhibit 2 at the hearing, he started to discuss having expended additional time, then dropped such discussion without making any request for an award for this time. Only now, after succeeding on their underlying motion, do Plaintiffs seek to recover yet more fees, despite the lack of supporting documentation.

2

Judgment should reflect only the amount actually awarded by this Court, i.e. a total of $37,065,58, in monthly payments of $3,706.55.

Similarly, in paragraph 2(c) of the Order section, Plaintiffs state the amount of the required bond as $38,791.22, rather than the actual $37,000.00 amount ordered by this Court, and entered on the docket. Plaintiffs apparently desire to have the bond be the same as their version of the total amount due, but the Court clearly ordered a bond of only $37,000.00, even though that was slightly less than the total amount that the Court ordered be paid. The proposed Judgment should be modified accordingly.

## II.  IMPROPER ATTEMPT TO IMPOSE INDIVIDUAL LIABILITY UPON GERALD J. YONEY

Plaintiffs' proposed Judgment seeks to have the obligations imposed run against not only "Yoney, Inc.,"[3] but also Gerald J. Yoney individually. While Gerald J. Yoney was a named Defendant in the original 1997 Injunction, Plaintiffs' attempt to have the obligations of the current proposed Judgment run against Mr. Yoney ignore the fact that they agreed over seven years ago to release him from any personal obligations under the 1997 Injunction. Thus, following entry of the 1997 Injunction, a dispute arose over the payment of then outstanding delinquencies of the corporate defendant. The parties then entered into a Settlement Agreement for payment of those delinquencies, which Mr. Yoney personally guaranteed. In exchange, Plaintiffs specifically agreed:

---

[3] The proposed Judgment incorrectly identifies the Defendants in this case as "Yoney, Inc. a/k/a Paul S. Yoney, Inc. and Gerald J. Yoney." However, the 1997 Injunction identifies the Defendants as "Paul S. Yoney, Inc. a/k/a Yoney Incorporated, Gerald J. Yoney d/b/a Paul S. Yoney, Inc. and Gerald J. Yoney." Consistent with the 1997 Injunctions, Plaintiffs captioned the current proceeding as against "Paul S. Yoney, Inc. a/k/a Yoney Incorporated, et al." Accordingly, the proper corporate defendants should be named "Paul S. Yoney, Inc. a/k/ Yoney, Incorporated," and the proposed Judgment modified accordingly.

3

> … that upon satisfaction of the terms of the Settlement Agreement, the Defendant Gerald J. Yoney will not be subject to the Injunctive Order dated February 28, 1997 by the United States District Court for the District of Maryland in Case No. S-96-2427.

<u>See</u> the copy of that Settlement Agreement attached hereto as Exhibit A (previously filed with this Court as Appendix B to Plaintiffs' memorandum of law in support of their earlier motion to show cause, filed on or about April 1, 1997). As this Court's record reflects, thereafter there was a brief dispute over compliance with this Settlement Agreement, resulting in the filing of a motion to show cause on or about April 1, 1997. However, by letter dated April 7, 1997, Plaintiffs' counsel requested, and this Court approved by notation thereon, withdrawal of the order to show cause based on the fact that "the Defendants have made the payments required by the Settlement Agreement reached by the parties and the current contribution required by the Court" Order." (Copy attached as Exhibit B.)  Accordingly, by the express terms of the Settlement Agreement, Plaintiffs are barred from seeking further enforcement of the 1997 injunction against Mr. Yoney, at least without formally seeking to do so.[4] Plaintiffs' attempt to do so through the back door by submission of a proposed Judgment is improper. Therefore, Defendants ask that the terms of the Settlement Agreement be enforced, that no personal liability be imposed on Mr. Yoney, and that the proposed Judgment be modified accordingly.

### III. IMPROPER FINDINGS OF FACT

Plaintiffs' proposed Judgment makes factual findings on three disputed issues on which both sides presented evidence and on which the Court did not rule. First, in paragraph 4, they state that on February 6, 2003 their records showed Defendants had failed to remit

---

[4] Counsel for Plaintiffs apparently recognized this at the time of hearing, as following the hearing he commented to counsel for Defendants that he might ask in his proposed order to hold Mr. Yoney personally liable, but when reminded that he had not made the case for doing so, stated that the would seek to do so the next time.

contributions for October 2002. However, both Plaintiffs' Exhibit 1 (Plaintiffs' records) and the next paragraph show that these contributions were made on January 24. (See also Ex. 1 to the Declaration of Stuart B. Ratner, attached to Defendants' Response to the motion to show cause as Exhibit A.) Second, in paragraph 10, they state that the March 2003 contributions were not received until May 2, 2003, despite Mr. Ratner's Declaration that these contributions were mailed on April 18, 2003. (Id. ) Third, as a consequence of this latter statement, Plaintiffs also state, in paragraph 11, that "Defendant has never complied with the requirement" to submit contributions by the 20th of the following month. Although presented with Mr. Ratner's declaration and the Plaintiffs' Exhibit 1, the Court never ruled on these disputed issues. Accordingly, the proposed Judgment should be modified to reflect that despite this dispute no findings were made on these issues.

## **CONCLUSION**

For the reasons stated above, the proposed Judgment of Contempt submitted by Plaintiffs should be modified (1) to identify properly the corporate defendants as "Paul S. Yoney, Inc. a/k/a Yoney Incorporated;" (2) to reflect the amount actually awarded by the Court of 37,065.58, and appropriate monthly payments based on that amount of $3,706.55; (3) to eliminate the attempt to impose personal liability on Gerald J. Yoney; and (4) to reflect that the date of payment for the October 2002 and March 2003 contributions is in dispute, and that as a

result there is a dispute as to whether the March 2003 contributions were timely submitted.[5]

        Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

_____/s/_____
Brian Steinbach
Bar No. 24849
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1870

DATED: May 12, 2003

---

[5] Should the Court desire, Defendants would be happy to prepare a modified Judgment of Contempt reflecting these changes in Plaintiffs' proposal.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the Defendants' Opposition to Plaintiffs' Proposed Judgment of Contempt was served this 12th day of May, 2003, by electronic service, on the following:

>John R. Harney
>O'Donoghue & O'Donoghue
>4748 Wisconsin Avenue, N.W.
>Washington, D.C. 20016
>
>Attorneys for Plaintiffs

_____/s/_____
Brian Steinbach