IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND,** <br><br> **Plaintiffs,** <br> v. <br><br> **PAUL S. YONEY, INC. a/k/a YONEY INCORPORATED, et al.,** <br><br> **Defendants.** | Civil Action No. S96-2427 |

### AFFIDAVIT OF GERALD J. YONEY

Personally appeared Gerald J. Yoney who, first being duly sworn, states as follows:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I operate that certain heating and air conditioning contracting business known as Paul S. Yoney Co., herein the "Business," and as such have personal knowledge of the facts stated herein.

3. From time to time the Business has sought to obtain bonding, but the Business has always been unable to obtain a bond and has always been advised that it is unbondable.

4. The Business has been advised that it is unbondable and is wholly unable to obtain any type of surety bond of any nature.

5. Other than those employees who are participants in the plaintiffs' fund and are hired by the job, the Business has 5 full time employees and no part time employees.

6. During all time periods relevant to this action, the Business has been engaged in providing heating, air conditioning and ventilation construction/installation services to various public works projects.

7. Each such public works project requires the payment of "prevailing wages" to all employees and the Business employs as skilled labor employees who are participants in the plaintiffs' Fund with respect to each such project.

8. The Business makes every effort to pay its contributions to the plaintiff in a timely manner.

9. Notwithstanding these efforts, the Business' ability to timely pay its contribution to the plaintiffs' fund, as well as all of the Business' other creditors, is wholly dependent upon the receipt of timely and regular progress payments for work performed on each such public works job.

10. At present, major arrearages on two projects have made it difficult for the Business to timely pay its current contributions to the plaintiffs' fund, and impossible for it to pay the liquidated damages and attorneys' fees that the Court has ordered it to pay to the plaintiffs.

11. In particular, the Business is owed in excess of $800,000 on a project authorized by the Connecticut Department of Public Works. As a result of a federal

investigation into certain alleged illegal kickbacks involving a number of senior Connecticut government officials, and the suicide of a senior official of the Connecticut Department of Public Works, apparently in response to this investigation, the Connecticut Department of Public Works has not settled the above account. In addition, Connecticut's budget shortfall apparently has also restricted its ability to make prompt and timely payments on projects previously authorized. The Business has no idea when it will be paid the amount owed on this project.

12. The Business also currently has an outstanding obligation due it in an amount in excess of $770,000 arising from a certain job known as the "Barlow High School, Easton, Connecticut" (herein the "Barlow High School Project").

13. Although the general contractor for the Barlow High School Project apparently was paid the full amount of its progress billings, it failed to make the required payments to its subcontractors, including the Business. As a result of the default by the general contractor, the Business has made a claim against the general contractor's surety bond issued by the Kemper Insurance Company (herein the "Surety Claim"). This particular default by this general contractor over the period of at least six months is the direct cause for this action before the Court.

14. The Business has retained Attorney Bradley Wolfe, of Gordon, Muir and Foley, LLP, located in Hartford, Connecticut to prosecute the Surety Claim.

15. In lieu of providing the plaintiffs with a bond, which the Business cannot obtain, the Business agrees to provide security to the plaintiffs by way of assigning to

the plaintiffs a portion of the Business' anticipated recovery from the Surety Claim and instructing its attorney to garnish, assign, segregate and hold a portion of the amounts recovered in the Surety Claim to and/or for the benefit of the plaintiffs.

16. Further, the Business agrees to instruct its attorneys to pay to the plaintiffs from the anticipated recovery from the Surety Claim the balance, if any, of the liquidated damages ordered by this Court in this action.

Executed at Bridgeport, Connecticut this 2nd day of July, 2003.

PAUL S. YONEY CO.

By_____/s/*_____
Gerald J. Yoney

Subscribed and sworn to before me this 2nd day of July, 2003.

_____/s/*_____
Commissioner of Superior Court/
Notary Public

*Counsel hereby certifies that he has a signed and notarized copy of the foregoing document available for inspection at any time by the court or a party to this action.